BENJAMIN C. JOHNSON (SBN: 218518)
benjamin.johnson@mgae.com
JOSEPH A. LOPEZ (SBN: 268511)
joseph.lopez@mgae.com
MGA ENTERTAINMENT, INC.
16380 Roscoe Blvd
Van Nuys, CA 91406
Telephone: (818) 894-2525 ext. 6788
Fax: (818) 895-0771

Attorneys for Plaintiff
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>LOUIS VUITTON MALLETIER, S.A., a French société anonyme; and DOES 1 through 10, inclusive.<br><br>Defendants. | **Case No. 2:18-cv-10758**<br><br>**COMPLAINT FOR:**<br><br>**1. DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MGA ENTERTAINMENT, INC. (hereinafter referred to as "Plaintiff" or "MGA") for its Complaint herein alleges as follows:

## INTRODUCTION

1. This action involves a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201(a) and 2202, to resolve an actual controversy within this Court's jurisdiction. Specifically, MGA seeks a declaration that both the name "Pooey Puitton," and the associated toy product with which it is used, do not infringe upon or dilute any of the trademarks or other intellectual property rights of defendant Louis Vuitton, S.A. ("Louis Vuitton"), is protected fair use, and/or is protected parody.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the laws of the United States, specifically a request for declaratory judgment under 28 U.S.C. §§ 2201(a) and 2202, and that concern issues of trademark under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

3. Personal jurisdiction exists over Defendants in this judicial district because Defendants regularly conduct, transact, and/or solicit business in California and in this judicial district, and/or derives substantial revenue from business transactions in California and in this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of California such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to Plaintiff in California and in this judicial district such that Defendants should reasonably expect such actions to have consequences in California and in this judicial district.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b)(2) because Defendants conduct, transact, and/or solicit business in this judicial district.

///

///

# PARTIES

5. Plaintiff MGA ENTERTAINMENT, INC. ("MGA") is a California corporation having an address and principal place of business at 16380 Roscoe Blvd, Van Nuys, California, 91406.

6. Upon information and belief, Defendant LOUIS VUITTON MALLETIER, S.A. ("Louis Vuitton"), is a French société anonyme with a principal place of business at 2 rue du Pont-Neuf, Paris France F75001, and regular conducts, transacts, and/or solicits business in this judicial district.

7. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. At such time as said Defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

8. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, were and still are the partners, agents, employers, and/or employees of the other named Defendants, and each of them; that in so doing the things alleged, said Defendants were acting within the course and scope of said partnership, agency, or employment; and that in so doing the things alleged, said Defendants were acting at all times with the knowledge, consent, and authorization of each of the other Defendants.

9. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, are the alter egos of each other; are characterized by a unity of interest in ownership and control among themselves such that any individuality and separateness between them have ceased; are a mere shell instrumentality and conduit through which Defendants carried on their business by use of each other's names; completely controlled, dominated, managed, and operated each other's business to such an extent that any individuality or separateness of the Defendants does not and did not exist;

completely failed to observe any corporate formalities; and intermingled the assets of each other, and other entities affiliated with them, to suit the convenience of themselves and in order to evade legal obligations and liability.

## STATEMENT OF FACTS

### MGA and Pooey Puitton

10. MGA is a leading designer, developer, marketer, and distributor of innovative children's toys. MGA promotes and/or sells its products throughout the U.S. and the world through major retailers, quality toy stores, department stores, and online marketplaces.

11. MGA's products include L.O.L. Surprise!, which was awarded Top Selling Toy of the Year in the U.S. for 2017, and currently accounts for seven of the top 10 toys in the United States in 2018, according to N.P.D. Group, a retail tracking service; Bratz dolls, which at the height of their popularity outsold Mattel's Barbie dolls; and the Little Tikes Cozy Coupe, which was one of the first molded-plastic toy cars sold in the United States.

12. One of MGA's most successful new toys, launched in 2018, is the POOPSIE SLIME SURPRISE line of products ("Poopsie Products") directed towards children. Poopsie Products consist primarily of ingredients that consumers can combine to create "magical unicorn poop" slime that can then be stored in a portable container. The "surprise" element of the products is the somewhat randomized nature of the ingredients and the portable container.

13. Pooey Puitton is the name of a product (the "Pooey Name") used in association with one of the Poopsie Products, a handbag shaped toy container described on MGA's website as follows (the "Pooey Product"):

> Make magical unicorn poop (slime) with Poopsie Slime Surprise! With a little unicorn magic and sparkle, you can customize unicorn poop and transform it multiple times! Poopsie Slime Surprise Pooey Puitton purse is the ultimate super slime

surprise with over 35+ magic surprises! Magically make scented, unicorn poop slime in a rainbow of colors! With a little unicorn magic, sparkle, and crunch, you can customize your unicorn poop again and again! When you gotta go, store the slime in the air-tight storage to keep the unicorn poop fresh! Includes:

- 1 Pooey Puitton purse
- 12 Unicorn Food packets (slime powder) - just add water to make a rainbow of poop!
- 6 Unicorn Magic packets, 4 Unicorn Sparkle packets, 2 Unicorn Crunch packets, 4 mystery scents, and 1 spoon.
- 1 exclusive bottle and 1 exclusive poop character keychain.
- Instructional booklet and tons of storage to take your poop on the go!

14. A picture of the outside of the Pooey Product, which most consumers will first encounter when shopping for the product in online or in-store mass retailer toy departments, is shown below:



5

15. A picture of the opened Pooey Product, revealing its inner components, intended to hold the unicorn poop ingredients, mixing container, and storage cup, is shown below:



### **Defendant Louis Vuitton and its Action Against Pooey Puitton**

16. Louis Vuitton is a fashion designer of luxury luggage, leather goods, handbags, and accessories, which it markets and sells worldwide.

17. Upon information and belief, on or around December 7, 2018, Louis Vuitton claimed to one of MGA's customers that the Pooey Name and the Pooey Product infringed upon or diluted one or more Louis Vuitton trademarks, including but not limited to the word mark LOUIS VUITTON (the "LV Word Mark") and the following design mark (the "LV Design Mark"):

///

///

18. Upon information and belief, Louis Vuitton owns federal registrations in the United States for the LV Word Mark and LV Design Mark bearing, respectively, United States Patent and Trademark Office ("USPTO") Registration Nos. 1990760 and 4192541.

19. MGA is further informed and believes, and upon such information and belief alleges, that Louis Vuitton claims trademark rights, and may own USPTO federal trademark registrations, in one or more of the design elements contained within the LV Design Mark (the "LV Design Elements") (collectively, the LV Word Mark, LV Design Mark, and LV Design Elements are referred to herein as the "LV Marks").

**There is No Likelihood of Confusion Between Pooey Puitton and Louis Vuitton**

20. No reasonable consumer would mistake the Pooey Product for a Louis Vuitton handbag. A side-by-side comparison of the Pooey Product and, upon information and belief, the subject Louis Vuitton handbag is found below:

 

21. No reasonable consumer would mistake the Pooey Product as being intended to be used as a handbag. The Pooey Product is not intended to, nor could it reasonably be used to, serve the primary function of a handbag, which is to contain and transport everyday items such as a wallet, a makeup kit, or a hairbrush. The inside of the Pooey Product has multiple storage compartments that are designed solely for the contents contained therein or other similar Poopsie Products.

22. The Pooey Product is sold in the toy section of online and through mass market retailers for the suggested retail price of $59.99.

23. The Pooey Product is primarily marketed to and intended for use by children.

24. The exterior of the Pooey Product is poop-shaped and made out of hardened plastic, the exterior of which depicts three-dimensional cartoonish facial features such as elongated eyelashes and pouted lips.

25. Upon information and belief, Louis Vuitton handbags are not poop-shaped, are not made out of hardened plastic, and do not depict three-dimensional cartoonish facial features such as elongated eyelashes and pouted lips.

26. Upon information and belief, Louis Vuitton handbags are not manufactured with the sole intention of storing ingredients and materials for the creation of slime or "magical unicorn poop."

27. Upon information and belief, Louis Vuitton handbags are not sold in the toy section of mass market retailers, nor are they sold online or in-store through such mass market retailers.

28. Upon information and belief, Louis Vuitton handbags are not marketed at the suggested retail price of $59.99.

29. Upon information and belief, Louis Vuitton handbags are not primarily marketed to or intended for use by children.

30. Upon information and belief, Louis Vuitton handbags are designed to primarily function as handbags, e.g. for the storage and transport of everyday items,

and reasonable consumers would understand that they are primarily designed for such use.

31. Upon information and belief, Louis Vuitton handbags are typically made out of high-end materials such as leather or crocodile skin.

32. Upon information and belief, Louis Vuitton handbags are sold by Louis Vuitton directly through its website, standalone boutiques, or leased spaces in high-end department stores, and are sold in the handbags, fashion, or accessory sections of such boutiques or department stores.

33. Upon information and belief, Louis Vuitton handbags are luxury items that typically retail from thousands to tens of thousands of dollars.

34. Upon information and belief, Louis Vuitton handbags are primarily marketed to and intended to be used by adults.

35. The Pooey Name and the Pooey Product, on the one hand, and the LV Marks and Louis Vuitton handbags, on the other hand, are not used for similar goods and services or in the same classes, but for different goods and services in different classes.

36. The Pooey Name and the Pooey Product, on the one hand, and the LV Marks and Louis Vuitton handbags, on the other hand, are not intended to serve similar functions or similar uses, but rather serve different functions and different uses.

37. The Pooey Name and the Pooey Product, on the one hand, and the LV Marks and Louis Vuitton handbags, on the other hand, are not manufactured using the same or similar materials, but rather are manufactured using material that is of obvious disparate quality.

38. The Pooey Name and the Pooey Product, on the one hand, and the LV Marks and Louis Vuitton handbags, on the other hand, are not marketed, sold, and distributed in similar streams of commerce, but rather are marketed, sold, and distributed through different channels of trade.

39. The Pooey Name and the Pooey Product, on the one hand, and the LV Marks and Louis Vuitton handbags, on the other hand, are not sold at similar price points; rather, Louis Vuitton handbags are luxury items typically sold at price points significantly higher than that of the Pooey Product's suggested retail price of $59.99.

40. The Pooey Name and the Pooey Product, on the one hand, and the LV Marks and Louis Vuitton handbags, on the other hand, do not target similar consumers; rather, Louis Vuitton handbags are primarily directed towards and intended to be used by adults, while the Pooey Product is primarily directed towards and intended to be used by children.

41. Based on the foregoing, there is no likelihood of confusion between the Pooey Name and the Pooey Product, on the one hand, and the LV Marks and Louis Vuitton handbags, on the other hand, or that Louis Vuitton sponsored or is associated with the Pooey Name or the Pooey Product.

**Pooey Puitton is Protected Fair Use and/or Parody**

42. Furthermore, The Pooey Name and Pooey Product are protected fair use and parody as set forth under 15 U.S.C. § 1125(c)(3)(A) and 15 U.S.C. § 1125(c)(3)(A)(ii).

43. Louis Vuitton and the LV Marks are associated with expensive, high-end, luxury products that evoke wealth and celebrity, and that are typically worn by adults.

44. The Pooey Name and Pooey Product are designed to mock, criticize, and make fun of that wealth and celebrity and be used by a child. The use of the Pooey Name and Pooey Product in association with a product line of "magical unicorn poop" is intended to criticize or comment upon the rich and famous, the Louis Vuitton name, the LV marks, and on their conspicuous consumption.

45. The Pooey Product is sold alongside similar parodies of other brands under the POOPSIE SLIME SURPRISE product line.

46. Neither the Pooey Product itself, nor any of the element or characteristics

10
COMPLAINT

of the Pooey Product, are used by MGA as a source identifier. Furthermore, the Pooey Product contains several distinguishing design elements that, upon information and belief, are not claimed by Louis Vuitton as a trademark, including question marks and swirls of poop.

47. The Pooey Name and Pooey Product convey just enough of the original LV Marks to allow consumers to appreciate the parody without appropriating the entire marks. The differences are sufficiently obvious and the parody sufficiently blatant such that no reasonable consumer encountering the Pooey Name or Pooey Product would mistake its source or sponsorship as being Louis Vuitton.

**Louis Vuitton's History of Vexatious Litigation Against Protected Parody**

48. Louis Vuitton has a history of not respecting parody rights in the United States and filing vexatious lawsuits against such protected parody.

49. Such cases include *Louis Vuitton Malletier S.A. v. Haute Diggity Dog*, 507 F.3d 252 (4th Cir., 2007) and *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425 (S.D.N.Y. 2016), *aff'd*, 674 F. App'x 16 (2d Cir. 2016), *cert. denied*, 138 S. Ct. 221 (2017), both of which it ultimately lost and which decisions were upheld on appeal.

50. Other instances of Louis Vuitton's vexatious litigation include losing a lawsuit in a Dutch court against artist Nadia Plesner for her *Darfurnica* painting and *Simple Living* t-shirts which parodied Louis Vuitton and were intended to raise awareness of and money for the conflict in Darfur, and threatening to sue the University of Pennsylvania for parodying Louis Vuitton's trademark in a poster advertising a symposium on trademark law.

51. Louis Vuitton's claims of infringement have affected MGA's rights in POOPSIE SLIME SURPRISE, the Pooey Name and Pooey Product vis-à-vis its domestic and foreign customers, and specifically in California, and therefore affects the interstate and foreign commerce of the United States.

///

# FIRST CAUSE OF ACTION

## Declaratory Judgment

### (28 U.S.C. § 2201(a) and 2202)

52. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

53. Louis Vuitton is the purported owner of the LV Marks.

54. Louis Vuitton has claimed that the Pooey Name and Pooey Product infringe upon or dilute LV's purported rights in the LV Marks.

55. MGA denies that the Pooey Name or the Pooey Product infringe upon or dilute the LV Marks.

56. MGA further claims that the Pooey Name and the Pooey Product are protected fair use under 15 U.S.C. § 1125(c)(3)(A), and/or are protected parody under 15 U.S.C. § 1125(c)(3)(A)(ii).

57. An actual, present, and judiciable controversy has arisen between Plaintiff and Defendants concerning their respective rights.

58. Louis Vuitton's claims of infringement or dilution have affected MGA's rights in POOPSIE SLIME SURPRISE, the Pooey Name and the Pooey Product vis-à-vis its domestic and foreign customers, and therefore affects the interstate and foreign commerce of the United States.

59. Furthermore, upon information and belief, Louis Vuitton intends to make similar claims against MGA in the United States based upon its LV Marks.

60. MGA seeks a declaration of its rights pursuant to 28 U.S.C. §§ 2201(a) and 2202 that the Pooey Name and Pooey Product are non-infringing of the LV Marks, do not dilute the LV Marks, are protected fair use under 15 U.S.C. § 1125(c)(3)(A), and/or are protected parody under 15 U.S.C. § 1125(c)(3)(A)(ii).

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, MGA prays for judgment as follows:

A. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, a declaration that MGA's use of the Pooey Name and Pooey Product do not infringe or dilute Louis Vuitton's purported rights in the LV Marks, and do not cause a likelihood that consumers will be confused as to the source or sponsorship of MGA's Pooey Name and Pooey Product;

B. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, a declaration that MGA's use of the Pooey Name and Pooey Product are protected fair use under 15 U.S.C. § 1125(c)(3)(A);

C. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, a declaration that MGA's use of the Pooey Name and Pooey Product are protected parody under 15 U.S.C. § 1125(c)(3)(A)(ii);

D. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, a declaration that MGA may continue to market and distribute its Pooey Product, and may continue to use the Pooey Name in association with the Pooey Product;

E. For MGA's reasonable attorneys' fees;

F. For all costs of suit; and

G. For such other and further relief as the Court may deem necessary and proper.

DATED: December 28, 2018

          MGA ENTERTAINMENT, INC.

          By: /s/ Benjamin C. Johnson
              BENJAMIN C. JOHNSON
              JOSEPH A. LOPEZ
              Attorney for Plaintiff
              MGA Entertainment, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: December 28, 2018        MGA ENTERTAINMENT, INC.


By:  /s/ Benjamin C. Johnson
       BENJAMIN C. JOHNSON
       JOSEPH A. LOPEZ
       Attorney for Plaintiff
       MGA Entertainment, Inc.